JOHN SCHOOLFIELD'S ADMR. et al. *v.* PATRICK H. CLAYTON.

Executors and Administrators — Delinquent Taxes — Failure to Collect by Deputy — Evidence.

    An original petition charged a collection of taxes by the deputy sheriff of about $700 unaccounted for, which was traversed by defendants. An amended petition made a vague alternative charge of failure to collect the balance of taxes without alleging that it was collectible or even a failure to return a delinquent tax list. The answer avers a certain portion was not collectible in consequence of insolvency. And to sustain that affirmative defendants offered to prove that when the tax-books were received by the deputy certain taxpayers were insolvent and still continued so. *Held*, that this proof would repeal any legal liability of negligent failure to collect, and would entitle defendants to exoneration *pro tanto and* it was error to exclude the proffered testimony.

June 1, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the record shows that the law and the facts were submitted to the court, a jury was dispensed with. There was, therefore, no error, as supposed by counsel, in rendering the judgment without a jury. But there are at least two radical errors in the judgment as rendered. 1st. It is against Farber, personally, when it ought to have been against him as administrator of John Schoolfield.

2d. As the original petition charged a collection by the deputy sheriff, J. J. Schoolfield, of all the taxes which he undertook to collect, and this was traversed by the appellants, there could have been no judgment against them on that issue, because it appears that the whole balance of about $700 had never been collected. The amended petition made a vague alternative charge of failure to collect that balance without alleging that it was collectible, or even a failure to return a delinquent list. The answer to that charge avers that a certain portion was not collectible in consequence of insolvency. And, to sustain that affirmative allegation, the appellants offered to prove that, when the tax-books were received by the deputy, certain taxpayers were insolvent, and still continued so. This proof would repel any legal liability of negligent failure to collect. And would entitle the appellants to

exoneration *pro tanto*. It seems to this court, therefore, that the Circuit Court erred to their prejudice in refusing to admit their proffered testimony of insolvency.

On these grounds, without noticing others, we are of the opinion that the judgment is erroneous, and, therefore, it is reversed and the cause remanded for a new trial.

*Duvall,* for Appellants.